IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 2, 2025

## CHARLES MCCLELLAN CAMPBELL, ET AL. v. JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.), ET AL.

Appeal from the Chancery Court for Bradley County
No. 2024-CV-224    Jerri S. Bryant, Chancellor

_____

No. E2025-00430-COA-T10B-CV
_____

This is an interlocutory appeal as of right, pursuant to Tenn. Sup. Ct. R. 10B, filed by Christina Lemek Blackwell ("Petitioner") seeking to recuse the trial judge in this case. Having reviewed the petition for recusal appeal filed by Petitioner and finding no reversible error, we affirm.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Roy Michael Roman, Cleveland, Tennessee, for the appellant, Christina Lemek Blackwell.[1]

### OPINION

### Background

The underlying proceedings in the Chancery Court for Bradley County ("the Trial Court") concern a life insurance provision in a permanent parenting plan. The trial judge is Chancellor Jerri S. Bryant ("Chancellor Bryant"). In September 2024, Petitioner filed a motion seeking Chancellor Bryant's recusal. Petitioner later filed affidavits in support of her motion. One affidavit was by Petitioner's then counsel, William H. Horton, in which he asserted Petitioner's basis for seeking Chancellor Bryant's recusal:

_____

[1] We deem no answer or oral argument necessary and instead proceed to summarily decide this appeal. *See* Tenn. Sup. Ct. R. 10B, §§ 2.05, 2.06.

1. I am counsel for Defendant Christina Blackwell.

2. This case primarily involves interpretation of a provision regarding life insurance in a parenting plan approved by the Bradley County Circuit Court in the prior divorce case of *Amy Blackwell v. Douglas Blackwell*, No. V-16-527, Circuit Court of Bradley County. Both were practicing attorneys in Bradley County, Tennessee.

3. An outside special judge, Tammy Harrington from Blount County, was involved in that case, apparently because it involved two practicing attorneys in the county.

4. In this case, Defendant contends that the life insurance provision in the parenting plan only required the deceased, Douglas Blackwell, to carry life insurance until his youngest child reached 18 and graduated from high school, which occurred before his death. Upon his death, there was a life insurance policy payable to Defendant as the wife of Douglas Blackwell.

5. The Plaintiffs, the adult children of Douglas Blackwell, contend that the parenting plan provision required the maintenance of life insurance for some indeterminate time.

6. Defendant contends that the proper party for this claim is Amy Blackwell, now known as Amy Campbell, rather than the Blackwell children since the insurance provision required her to operate as trustee of any life insurance benefits.

7. It could be determined that the insurance provision is ambiguous, in which event parol evidence would be required and the Court may construe the provision against the drafter. Upon information and belief, Amy Campbell drafted the parenting plan provision. This case could involve the testimony of not only Amy Campbell, but also local attorneys involved in the approval of the parenting plan, Randall Sellers and Joe Crabtree, and the Court would be involved in assessing the credibility of such lawyers.

8. Because of this Court's familiarity with all of these lawyers, Defendant is requesting that this case be assigned to a judge outside of the Tenth Judicial District.

9. This motion is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

In March 2025, the Trial Court entered an order denying Petitioner's motion for recusal. The Trial Court found as pertinent the fact that it might have to hear attorneys as witnesses was not a basis for recusal. Pursuant to Tenn. Sup. Ct. R. 10B, Petitioner timely filed an interlocutory appeal as of right from the Trial Court's order denying recusal.

## Discussion

We review a trial court's ruling on a motion for recusal under a *de novo* standard of review with no presumption of correctness. Tenn. Sup. Ct. R. 10B § 2.01. "The party seeking recusal bears the burden of proof, and 'any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case.'" *Neamtu v. Neamtu*, No. M2019-00409-COA-T10B-CV, 2019 WL 2849432, at *2 (Tenn. Ct. App. July 2, 2019), *no appl. perm. appeal filed* (quoting *Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015), *no appl. perm. appeal filed*). As this Court explained in *Neamtu*:

> The party seeking recusal bears the burden of proof. *Williams*, 2015 WL 2258172, at *5; *Cotham v. Cotham*, No. W2015-00521-COA-T10B-CV, 2015 WL 1517785, at *2 (Tenn. Ct. App. Mar. 30, 2015) (*no perm. app. filed*). "[A] party challenging the impartiality of a judge 'must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned.'" *Duke* [*v. Duke*], 398 S.W.3d [665,] 671 [(Tenn. Ct. App. 2012)] (quoting *Eldridge v. Eldridge*, 137 S.W.3d 1, 7-8 (Tenn. Ct. App. 2002)). When reviewing requests for recusal alleging bias, "it is important to keep in mind the fundamental protections that the rules of recusal are intended to provide." *In re A.J.*, No. M2014-02287-COA-R3-JV, 2015 WL 6438671, at *6 (Tenn. Ct. App. Oct. 22, 2015), *perm. app. denied* (Tenn. Feb. 18, 2016). "**The law on judicial bias is intended 'to guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court had reached a prejudged conclusion because of interest, partiality, or favor.'**" *Id.* (quoting *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009)).

*Neamtu*, 2019 WL 2849432, at *3 (quoting *In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016), *no appl. perm. appeal filed.*) (emphasis in original).

"[P]reservation of the public's confidence in judicial neutrality requires not only that the judge be impartial in fact, but also that the judge be perceived to be impartial." *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998); *see also Offutt v. United States*, 348 U.S. 11, 14 (1954) (holding that "justice must satisfy the appearance of justice"). As such, Rule 2.11(A) of the Code of Judicial Conduct as set forth in Tenn. Sup. Ct. R. 10 requires a judge to recuse herself "in any proceeding in which the judge's impartiality might reasonably be questioned." *See also Smith v. State*, 357 S.W.3d 322,

341 (Tenn. 2011) (noting that recusal is required, even if a judge subjectively believes he or she can be fair and impartial, whenever "'the judge's impartiality might be reasonably questioned because the appearance of bias is as injurious to the integrity of the judicial system as actual bias.'") (Quoting *Bean v. Bailey*, 280 S.W.3d 798, 805 (Tenn. 2009)).

However, "a judge should not decide to recuse unless a recusal is truly called for under the circumstances." *Rose v. Cookeville Reg'l Med. Ctr.*, No. M2007-02368-COA-R3-CV, 2008 WL 2078056, at *2 (Tenn. Ct. App. May 14, 2008), *no appl. perm. appeal filed*. This is true because "'[a] judge has as much of a duty not to recuse [herself] absent a factual basis for doing so as [she] does to step aside when recusal is warranted.'" *Id.* (quoting *Mass v. McClenahan*, No. 93 Civ. 3290 (JSM), 1995 WL 106106, at *1 (S.D.N.Y. Mar. 9, 1995)). Recusal based upon an asserted appearance of bias or prejudice "is appropriate only if the facts provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." *Rose*, 2008 WL 2078056, at *2 (quoting *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981)).

In her petition for recusal appeal, Petitioner sets forth why she believes Chancellor Bryant's recusal is required, asserting in part:

> Doug Blackwell's children brought forth this action against the widow of Doug Blackwell, Christina Lemek Blackwell to obtain a portion of life insurance proceeds which she received from the life insurance company in these proceedings. While Amy D. Campbell is not a named party in these proceedings, pleadings have been filed to substitute her as a named party, and she frequently attends the hearings in the underlying proceeding considering she has a pecuniary interest in the outcome of the same.
> Amy D. Campbell frequently practices in Bradley County, especially before the Chancellor, and any rulings on the underlying proceeding would directly affect Amy D. Campbell financially or otherwise. Similarly, all parties to this action have knowledge of the previous relationship between Doug Blackwell, Amy D. Campbell, and the Chancellor. The Chancellor frequently heard matters from both Doug Blackwell and Amy D. Campbell.
> Finally, the Chancellor oversaw the transfer of cases from Doug Blackwell to another local law firm after the passing of Doug Blackwell, further exemplifying that the Chancellor likely has personal knowledge of facts that are in dispute in the proceeding.

> \*\*\*

> Moreover, considering the history between the parties, there is a considerable likelihood that other Bradley County attorneys may be required

-4-

to testify for or against certain of the parties in these proceedings. The outcome, either way, could be reasonably questioned depending on who testifies and the manner in which they testify. To confirm that neither party in the proceeding could reasonably question impartiality, and to verify that neither party alleges the appearance of impartiality at the conclusion of this proceeding, recusal is proper.

In essence, Petitioner argues that because Chancellor Bryant is familiar with certain parties and attorneys in this matter, there is an unacceptable appearance of bias. However, Petitioner's argument lacks specificity as to the nature and depth of Chancellor Bryant's relationship with the parties and attorneys at issue, or what if any personal knowledge Chancellor Bryant has regarding the underlying facts in dispute. For example, Petitioner's statement in her petition that "it is apparent that the Chancellor has some kind of previous relationship with the deceased and Ms. Blackwell" is very attenuated. Petitioner correctly cites Rule 2.11 of the Tennessee Code of Judicial Conduct for the proposition that a judge is required to recuse when her impartiality might reasonably be questioned. Petitioner places special emphasis on the word "might." Nevertheless, the word "might" is followed by the word "reasonably," which is no less important. While some relationships may give rise to the appearance of bias depending on the significance of the relationship, Tennessee law does not require a judge's recusal simply because the judge knows a party or an attorney in a case before her. A judge's mere familiarity with a party or attorney does not alone equate to the judge being predisposed to rule for or against that party or attorney.

In a 2011 case in which a trial judge's recusal was sought, this Court in an opinion authored by then Judge and now Chief Justice Kirby observed: "We agree fully with the trial court's wise observation that judges in rural areas sometimes know the parties who appear before the court, and may even share a friendship with them, but this fact alone does not mandate recusal." *Camp v. Camp*, 361 S.W.3d 539, 548 (Tenn. Ct. App. 2011). In *Camp*, we ultimately found that the trial judge should have recused for other reasons, 361 S.W.3d at 548-49, but our statement that a judge's mere familiarity with a party is not an *ipso facto* basis for disqualification remains valid. Whether a jurisdiction is urban or rural, a judge may well be familiar with some or many members of the community, including practicing attorneys. That does not mean a judge must automatically recuse from a case because she knows a party or attorney. Similarly, here, the mere fact that Chancellor Bryant knows some of the parties and attorneys in this matter is, without more, insufficient to require her recusal. Petitioner has presented nothing that would cause an objective, knowledgeable member of the public to find a reasonable basis for doubting Chancellor Bryant's impartiality. We find no reversible error in the Trial Court's denial of Petitioner's motion for recusal.

## **Conclusion**

For the foregoing reasons, we affirm the Trial Court's denial of the motion for judicial recusal. The costs of this appeal are taxed to Christina Lemek Blackwell, for which execution may issue. This case is remanded for further proceedings.

_____
D. MICHAEL SWINEY, CHIEF JUDGE